UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Ashley Ramsey,

   Plaintiff,

v.                                      Civil Action No.

Scanlan Theodore CCDC LLC,

   Defendant.

983 Palmer Alley NW
Washington DC 20001
COMPLAINT

Case: 1:26-cv-00706
Assigned To : Moss, Randolph D.
Assign. Date : 2/27/2026
Description: Employ. Discrim. (H-DECK)

Plaintiff Ashley Ramsey, proceeding pro se, alleges as follows:

---

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., which prohibits employment discrimination on the basis of religion and retaliation for engaging in protected activity.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents a federal question.


RECEIVED

FEB 27 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

3. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices complained of occurred in the District of Columbia and Defendant conducts business in this District.

## II. PARTIES

4. Plaintiff Ashley Ramsey is an individual who was employed by Defendant beginning on or about May 12, 2023.

5. Defendant Scanlan Theodore CCDC LLC is a retail employer that conducts business in the District of Columbia and was Plaintiff's employer within the meaning of Title VII. Defendant does business under the name "Scanlan Theodore."

## III. FACTUAL ALLEGATIONS

6. Plaintiff was hired by Defendant on or about May 12, 2023.

7. Throughout Plaintiff's employment, Plaintiff never received any disciplinary action, including but not limited to written warnings, verbal warnings, performance improvement plans, or negative performance evaluations.

8. Plaintiff consistently performed her job duties in a satisfactory manner.

9. Plaintiff holds a sincerely held religious belief that includes attending church services on Easter Sunday, a major religious holiday.

10. Plaintiff was initially approved to have Easter Sunday off from work.

11. Days before Easter, Plaintiff was informed by her manager that she would be required to work on Easter Sunday, despite the previously granted approval.

12. Plaintiff informed her manager that she could not work on Easter Sunday because she needed the day to attend church in observance of her religious beliefs.

13. Plaintiff's manager acknowledged that she understood Easter was a religious holiday.

14. Despite this acknowledgment, Plaintiff's manager stated that "the needs of the business came first" and insisted that Plaintiff work on Easter Sunday.

15. Plaintiff again explained that she could not work on Easter Sunday due to her religious observance.

16. Plaintiff refused to work on Easter Sunday in order to observe her religious holiday.

17. On April 2, 2024, during Plaintiff's next scheduled shift, Defendant terminated Plaintiff's employment.

18. Plaintiff's termination occurred immediately after her refusal to work on Easter Sunday for religious reasons.

19. Plaintiff was not terminated for performance-related reasons and had no prior disciplinary history.

20. Defendant did not provide Plaintiff with any reason or explanation for her termination.

21. Defendant did not offer Plaintiff any reasonable accommodation for her religious observance.

22. Defendant terminated Plaintiff because of her religious beliefs and in retaliation for asserting her right to religious accommodation under Title VII.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination and retaliation.

24. Plaintiff received a Notice of Right to Sue from the EEOC.

25. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## V. CLAIMS FOR RELIEF

### COUNT I

### Religious Discrimination (Title VII)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25.

27. Plaintiff has a sincerely held religious belief requiring observance of Easter Sunday.

28. Defendant was aware of Plaintiff's religious belief.

29. Defendant failed to reasonably accommodate Plaintiff's religious observance.

30. Defendant terminated Plaintiff because of her religion.

31. Defendant's actions constitute unlawful religious discrimination in violation of Title VII.

### COUNT II

### Retaliation (Title VII)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31.

33. Plaintiff engaged in protected activity by requesting and insisting on a religious accommodation.

34. Defendant took an adverse employment action against Plaintiff by terminating her employment.

35. There is a direct causal connection between Plaintiff's protected activity and her termination.

36. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Title VII;

B. Award Plaintiff back pay and lost benefits;

C. Award compensatory damages for emotional distress;

D. Award punitive damages;

E. Award costs of this action;

F. Grant such other and further relief as the Court deems just and proper.

---

## VII. JURY DEMAND

37. Plaintiff demands a trial by jury on all issues so triable.

---

## VIII. SIGNATURE

Respectfully submitted,

Ashley Ramsey

Plaintiff, Pro Se

6207 Summerhill Road

Temple Hills, MD 20748

(240) 355-1008

ashley.ramsey87@gmail.com

Date: February 27, 2026