**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHLEY RAMSEY,<br><br>*Plaintiff*,<br><br>v.<br><br>SCANLAN THEODORE CCDC LLC,<br><br>*Defendant.* | Civil Action No. 26-706 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ashley Ramsey, proceeding *pro se*, brings this action against her former employer, Defendant Scanlan Theodore CCDC LLC. Dkt. 1 (Compl.). Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), by failing to provide reasonable accommodations for her religious observance and terminating Plaintiff because of her religious beliefs and in retaliation for her religious accommodation request. Dkt. 1 at 3 (Compl. ¶ 22). Plaintiff seeks relief including backpay, compensatory damages for emotional distress, punitive damages, and court costs. *Id.* at 5 (Compl. Prayer). Pending before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14. Defendant argues for dismissal on the grounds that Plaintiff's claims are time-barred. Dkt. 14-1 at 4.

For the reasons explained below, the Court will **GRANT** the motion.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's complaint, which the Court accepts as true for purposes of resolving Defendant's motion to dismiss. *See Al-Gharawy v. U.S. Dep't of Homeland Security*, 617 F. Supp. 3d 1, 6 (D.D.C. 2022); *Harris v. D.C. Water & Sewer*

*Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015). In addition, the Court takes judicial notice of the Equal Employment Opportunity Commission ("EEOC") charges attached to the Motion to Dismiss, Dkts. 14-4 & 14-5, "because such records are 'public document[s],'" *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 272 (D.D.C. 2011) (first modification in original) (quoting *Ahuja v. Detica Inc.*, 742 F.Supp.2d 96, 101–02 (D.D.C. 2010)), and because the complaint refers to the charge filed with the EEOC, Dkt. 1 at 4 (Compl. ¶ 23). Plaintiff concedes that the Court may consider EEOC materials that are referenced in the complaint. Dkt. 20 at 8.

Plaintiff began working for Defendant on or about May 12, 2023. Dkt. 1 at 2 (Compl. ¶ 6). Plaintiff consistently performed her duties in a satisfactory manner, and she never received any negative evaluations or discipline. *Id.* (Compl. ¶¶ 7–8). The following spring, Plaintiff planned to take time off on Easter Sunday—March 31, 2024—because of her sincere religious belief that she must attend church services that day. *Id.* (Compl. ¶¶ 9–10). Defendant initially approved Plaintiff's time off. *Id.* (Compl. ¶ 10). "Days before Easter," however, a manager informed Plaintiff that she was required to work on Easter Sunday. *Id.* at 3 (Compl. ¶ 11). Plaintiff explained to her manager that she needed the day off for her religious observance. *Id.* at 3 (Compl. ¶ 12). The manager acknowledged the religious holiday but informed Plaintiff that "the needs of the business c[o]me first." *Id.* (Compl. ¶¶ 13–14). Plaintiff reiterated her religious belief and refused to work on Easter Sunday. *Id.* (Compl. ¶¶ 15–16).

On Plaintiff's next scheduled shift—April 2, 2024—Defendant terminated Plaintiff's employment. *Id.* at 3 (Compl. ¶ 17). Defendant provided no reason or explanation for the termination. *Id.* at 3 (Compl. ¶ 20).

Approximately eighteen months later, on September 30, 2025, Plaintiff filed a charge with the EEOC ("Original Charge"). Dkt. 14-3 at 2 (Ex. 1). In the Original Charge, Plaintiff

represented that she was terminated on April 1, 2024. *Id.* Two months later, on November 26, 2025, Plaintiff filed a second charge with the EEOC ("Second Charge"), alleging the same factual events as the Original Charge but listing her termination date as April 1, 2025. Dkt. 14-4 at 2–3 (Ex. 2). A week later, Plaintiff amended the Second Charge to correct the date of termination to April 1, 2024 ("Amended Second Charge"). Dkt. 14-5 at 2 (Ex. 3). Neither the Amended Second Charge nor any of Plaintiff's filings in this case allege that any discriminatory or retaliatory conduct occurred after Plaintiff's termination in April 2024. *Id.* Plaintiff received a Notice of Right to Sue letter from the EEOC and commenced this action within 90 days of receiving the letter. Dkt. 1 at 4 (Compl. ¶¶ 24–25); *see* Dkt. 1-1.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, the complaint must contain "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court must "assume [the] veracity" of "well-pleaded factual allegations," *Iqbal*, 556 U.S. at 679, and must "grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted). But the Court need not accept "a legal

conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"When evaluating a motion for judgment on the pleadings," moreover, "the Court may rely on the pleadings, the exhibits to the pleadings, and any judicially noticeable facts," *Garcia v. Stewart*, 531 F. Supp. 3d 194, 203 (D.D.C. 2021) (alterations and citation omitted), as well as documents "[i]ncorporat[ed] by reference" into the pleadings that are "integral to" the plaintiff's claims, *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015); *see also Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (considering "the pleadings and undisputed documents in the record" while reaching the merits on a motion to dismiss). "A court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are 'public document[s] of which a court may take judicial notice.'" *Ndondji*, 768 F. Supp. 2d at 272 (alteration in original) (quoting *Ahuja*, 742 F. Supp. 2d at 101–02); *see also Richardson v. Nat'l RR Passenger Corp*., 2025 WL 1568198, at *1 (D.D.C. June 3, 2025).

*Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The leniency afforded to *pro se* filings "is not, however, a license to ignore the Federal Rules of Civil Procedure," *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted), and a *pro se* complaint must "still present a claim on which the Court can grant relief," *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (citations omitted).

## III. ANALYSIS

Under Title VII, a plaintiff who wishes to sue her employer must first exhaust her administrative remedies by timely filing a charge with the EEOC. 42 U.S.C. § 2000e–5(e)(1); *see Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985); *Charles v. District of Columbia*, 164 F. Supp. 3d 98, 101 (D.D.C. 2016). In the District of Columbia, due to a work-sharing agreement between the EEOC and the District of Columbia Office of Human Rights, a plaintiff has 300 days from the date of the alleged discrimination to file a charge with either agency. *See Slate v. Pub. Def. Serv. for the District of Columbia*, 31 F. Supp. 3d 277, 294–95 (D.D.C. 2014). Failure to "timely file an administrative charge of discrimination subjects a plaintiff to a time bar similar to a statute of limitations." *Charles*, 164 F. Supp. 3d at 101 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Title VII's administrative exhaustion requirement, like a statute of limitations, is an affirmative defense, so "the defendant bears the burden of pleading and proving" the plaintiff's failure to exhaust. *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 174 (D.D.C. 2016) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). The defendant may raise the affirmative defense in a pre-answer motion to dismiss, however, "when the facts that give rise to the defense are clear from the face of the complaint" and any other information properly before the Court at the motion to dismiss stage. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).

Here, Plaintiff alleges that Defendant's discriminatory actions occurred no later than April 2, 2024. Dkt. 1 at 3 (Compl. ¶ 17). Plaintiff then had 300 days—until January 27, 2025—to file a charge with the EEOC. Defendant moves to dismiss on the basis that Plaintiff failed to file an EEOC charge within that time. Dkt. 14-1 at 4–5. In support, Defendant attaches copies

of the charges Plaintiff filed with the EEOC, Dkts. 14-3–14-5, the earliest of which is dated September 30, 2025—over 500 days after the date of the alleged discrimination. Dkt. 14-3 at 2.

As explained, the Court takes judicial notice of the charge documents, which are indisputably authentic, uncontested, s*ee Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018), and referenced in the complaint. Plaintiff, for her part, "does not ask the court to disregard the EEOC record," Dkt. 20 at 2, and she concedes "that the Court may consider appropriate EEOC materials," *id.* at 8 (citing *Hicklin v. McDonald*, 110 F. Supp. 3d 16, 18–19 (D.D.C. 2015)). Plaintiff, moreover, alleges that her employment was terminated on April 2, 2024, Dkt. 1 at 3 (Compl. ¶ 17), and she never asserts, or even suggests, that she filed a charge with the EEOC on or before January 27, 2025—that is, within 300 days of the adverse action at issue. To the contrary, all of her arguments deal with events that did not occur for another seven to ten months later. She asks the Court, for example, to "consider[] the legal significance of the October 3, [2025] formalization and recall" of the charge, Dkt. 20 at 2; *see also id*. at 4, and the submission of her "revise charge," which was "signed on November 26, 2025," and, then, amended "on December 2, 2025," *id.* She also expressly disclaims any reliance on equitable estoppel. *Id.* at 11. Accordingly, the Court concludes that Plaintiff's claims are conclusively time-barred.

Since Plaintiff is proceeding *pro se*, the Court takes as true the allegations she makes in "*all* of [her] pleadings," not just the complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But, as noted above, Plaintiff's allegations that she filed additional documents with the EEOC later than September 30, 2025, cannot help her. The Original Charge itself came too late, so the Court need not determine the effect of the Original Charge's recall and replacement by the Amended Second Charge to determine that Plaintiff's claim is time-barred.

Plaintiff correctly observes that timely exhaustion is an affirmative defense, which may be raised at the motion-to-dismiss stage only if "the materials properly before the Court establish the defense conclusively." Dkt. 20 at 7. But she offers no meaningful response to Defendant's showing that the records at issue are properly before the Court and that those materials conclusively establish that she failed timely to exhaust. Plaintiff, in short, fails to dispute that the Court may take judicial notice of her EEOC charges, which are referenced in the complaint, and she fails to offer any theory that would render those charges timely.

Plaintiff recognizes that the timeliness issue may be dispositive "if the Court concludes that the administrative record conclusively establishes that no timely charge was filed and that no legally cognizable basis prevents application of the filing requirement." Dkt. 20 at 10. The Court so concludes and, accordingly, will dismiss the complaint without assessing the sufficiency of Plaintiff's discrimination and retaliation allegations. *See, e.g.*, *Lilly v. District of Columbia*, 657 F. Supp. 3d 65, 87 n.17 (D.D.C. 2023) (declining to consider the merits of plaintiff's claims because they were time-barred under Title VII).

Finally, Defendant asks the Court to dismiss the complaint with prejudice. Dkt. 14-1 at 9. "Dismissal with prejudice is the exception, not the rule," however. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). It is warranted "only when . . . the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Id.* (alteration in original) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). Here, although Plaintiff has failed to articulate any theory that would overcome the applicable time bar, the Court will nonetheless decline to dismiss the complaint with prejudice in light of Plaintiff's pro se status. The Court will, however, enter final judgment in this matter within fourteen days in the absence of further proceedings.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss, Dkt. 14, is **GRANTED**; and it is further **ORDERED** that the complaint is **DISMISSED** without prejudice.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 3, 2026